[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

No. 07-14698
Non-Argument Calendar
_____

D. C. Docket No. 06-20770-CV-RLD

SAMUEL O. MILLER,

                                                      Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,
Michael J. Astrue,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 3, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

    Samuel Miller, proceeding pro se, appeals the district court's order granting

the Social Security Administration Commissioner's motion for summary judgment and affirming the Commissioner's decision partially granting social security disability benefits, 42 U.S.C. § 405(g). On appeal, Miller raises two issues: (1) whether the Administrative Law Judge's ("ALJ") determination of Miller's disability onset date was supported by substantial evidence; and (2) whether the ALJ erred in determining the date on which Miller filed his application for social security disability benefits. After a thorough review of the record, we affirm.

We review whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. See Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995).

I. Disability Onset Date

Miller argues that he became totally disabled on May 15, 1986, and therefore, the ALJ's disability onset determination of January 26, 1990, was erroneous because the evidence showed that he was hospitalized from May 15-31, 1986, and treated continuously for disabling conditions since that time. He further

asserts that the testimony of the medical expert was insufficient to support the ALJ's finding that he became disabled on January 26, 1990, because it failed to take into consideration evidence of disability contained in Miller's Veterans Administration's ("VA") records.

A claimant is eligible for disability insurance benefits where he demonstrates disability on or before the last date on which he was insured. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); see also 42 U.S.C. § 423(a)(1)(A). Because Miller's last insured date was December 31, 1991, he must show that he was disabled on or before that date. Moore, 405 F.3d at 1211. To establish the existence of a disability, the claimant must show that he has an impairment or combination of impairments that meets or exceeds the criteria in the Listing of Impairments in Appendix 1 of Subpart P of 20 C.F.R. § 404. Lucas v. Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990); see also 20 C.F.R. § 416.911. In determining the nature and severity of the impairment and whether a claimant's condition meets or exceeds the requirements of a listed impairment, an ALJ may consider the opinion of non-examining medical experts. 20 C.F.R. § 404.1527(f)(2)(iii).

Social Security Ruling 83-20 defines the onset date as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20. The

3

ruling provides that the factors relevant to determining the onset date for disabilities of non-traumatic origin include the claimant's allegations, his work history, and medical and other evidence related to the severity of the impairment. Id. The date alleged by the claimant, however, should be used in determining the date of onset of disability only if it is consistent with all the evidence available. Id. Further, while onset may be inferred by a medical expert from non-medical evidence, a disability onset determination must have a "legitimate medical basis." Id.

Because the evidence established that Miller decompensated under stress on January 26, 1990, and there was insufficient evidence of disability prior to this date, substantial evidence supported the ALJ's determination of a January 26, 1990, disability onset date.

II. Filing Date

Miller argues that he should have received a protective filing date of May 15, 1986, based on his June 15, 1986, request for an application for disability benefits and the misleading information he received from the Social Security Administration.

A claimant must file an application in order to be eligible for benefits. Eagle v. Sullivan, 877 F.2d 908, 909 n.2 (11th Cir. 1989); 20 C.F.R. § 404.603. Benefits

4

can be awarded retroactively up to six months prior to the date of the written application's filing. 42 U.S.C. § 402(j)(1)(B). An application generally must be completed on the prescribed form, signed, and filed with the Commissioner. 20 C.F.R. § 404.610. The application is filed on the day it is received by an employee at a Social Security Administration office, or by an employee who is authorized to receive it at an alternative location. 20 C.F.R. § 404.614.

Where an applicant submits a written statement, such as a letter, indicating his intent to claim benefits, the date that the written statement is received will be considered the claimant's filing date if: (1) the statement indicates an intent to claim benefits; (2) the statement is signed by the claimant, and (3) the claimant files an application on the proper application form within six months after being notified of the need to file an application. 20 C.F.R. § 404.630. Although there are some limited exceptions that allow for an earlier filing date where the claimant failed to file an application due to misinformation, this exception only applies if the claimant subsequently files an application for benefits. 20 C.F.R. § 404.633.

The record reflects that Miller did not file a proper application until January 26, 1996. As none of the exceptions to the requirements for filing an application were satisfied here, Miller was not entitled to an earlier filing date.

Accordingly, we AFFIRM the Commissioner's decision.

5